# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00285-DME-MJW

GEORGE BANKS,

       Plaintiff,

v.

CAPTAIN HODAK,

       Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court upon Magistrate Judge Watanabe's November 18, 2009 Recommendation (Doc. No. 108) to grant Defendant's Motion to Dismiss the Complaint. Plaintiff George Banks, a prisoner at the Federal Correctional Institution Englewood in Littleton, Colorado, brought suit against Defendant Captain Hodak pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  In his three-count Amended Prisoner Complaint (Doc. No. 8), Plaintiff alleges that Defendant "forcefully slammed [his] head into the wall" without provocation, that the Bureau of Prisons demonstrated "[d]eliberate [i]ndifference . . . to due process and equal protection of the [l]aw" by denying legal assistance to inmates, and that the "administrative remedy process" is "arbitrary and capricious." (Doc. No. 8 at 4-6.)  On July 23, 2009, Defendant filed a motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(1), (6).  (Doc. No. 58.)

In support of that motion, Defendant submitted Plaintiff's publicly available "Inmate Data" and a declaration from a prison official, and Magistrate Judge Watanabe entered an order converting the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56.  (Doc. No. 96.)  After the expiration of the fourteen-day period Magistrate Judge Watanabe afforded the parties to submit additional materials, Magistrate Judge Watanabe issued his Recommendation that summary judgment be granted in favor of Defendant because Plaintiff did not exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1995.  See 42 U.S.C. § 1997e(a).

Despite Magistrate Judge Watanabe's notice that the parties had ten days to object to the Recommendation, neither party filed an objection, and so this Court may exercise its "considerable discretion" and review the Recommendation "under any standard [of review] it deems appropriate."  Summers v. State of Utah, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").  Here, this Court has reviewed Magistrate Judge Watanabe's Recommendation to ensure "that there is no clear error on the face of the record."  Strepka v. Sailors, 494 F. Supp. 2d 1209, 1215 (D. Colo. 2007).  In conducting this clear error review, the Court is mindful of the fact that Plaintiff is proceeding pro se, and "his pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Upon review, the Court finds no clear error on the face of the record, and adopts in full Magistrate Judge Watanabe's recommendation.  Therefore, Defendant's Motion to Dismiss,

which was converted into a motion for summary judgment, is hereby GRANTED.  This action is DISMISSED in its entirety, including any pending motions, and judgment shall be entered accordingly.

Dated this   15th   day of      January      , 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE